# Exhibit "1"

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN
AND FOR PALM BEACH COUNTY,
FLORIDA

CASE NO.:

GERARD GONSALVES and NAOMI
GONSALVES, his wife,

    Plaintiffs,

vs.

MICHAELS STORES, INC., a Foreign
Profit Corporation d/b/a MICHAELS and
SAMANTHA CABRERA, individually,

    Defendants.
_____/

## COMPLAINT

**COME NOW** the Plaintiffs, GERARD GONSALVES and NAOMI GONSALVES, his wife, by and through his/her undersigned attorneys, and hereby sues the Defendants, MICHAELS STORES, INC., a Foreign Profit Corporation d/b/a MICHAELS (hereinafter "MICHAELS STORES, INC.") and SAMANTHA CABRERA, individually, and allege as follows:

### GENERAL ALLEGATIONS

1. This is an action for damages in excess of the sum of Thirty Thousand ($30,000.00) Dollars, exclusive of costs, interest and attorney's fees.

2. At all times material hereto, the Plaintiff, GERARD GONSALVES, is and was a resident of Palm Beach County, Florida.

3. At all times material hereto, the Plaintiff, NAOMI GONSALVES, is and was a resident of Palm Beach County, Florida.

1

4. At all times material hereto, the Defendant, MICHAELS STORES, INC., was a corporation duly licensed and authorized to conduct business in the State of Florida, and doing business in Palm Beach County, Florida.

5. At all times material hereto, the Defendant, SAMANTHA CABRERA, is and was a resident of Palm Beach County, Florida.

6. On or about 08/11/2020, the Defendant, SAMANTHA CABRERA, was an agent, apparent agent and/or employee of Defendant, MICHAELS STORES, INC, managing the premises and was present at the time the incident occurred.

7. On or about the date of the accident, 08/11/2020, the Defendant, MICHAELS STORES, INC, owned, operated, managed and/or was in control of a business located at 2021 Okeechobee Boulevard, West Palm Beach, Palm Beach County, Florida and known as MICHAELS.

8. On or about the date of the accident, 08/11/2020, the Plaintiff was legally upon the property of the Defendant as a business invitee and as a member of the general public that was expressly or impliedly invited upon said premises for the benefit of the Defendant and was injured when a large picture frame that was improperly arranged and/or displayed on a shelf fell on the Plaintiff.

9. The Defendant, MICHAELS STORES, INC, its agents, servants, and/or employees, acting within the course and scope of such agency, service or employment, had a non-delegable duty to the general public to properly maintain said premises in a reasonably safe condition for the general public while they were on the premises, especially in view of the fact that such condition was known or should have been known to the Defendant.

### COUNT I – NEGLIGENCE AGAINST DEFENDANT, MICHAELS STORES, INC

10. The Plaintiff, GERARD GONSALVES, hereby realleges and reavers each and every General Allegation contained in paragraphs 1-9, above, as though fully set forth herein.

11. At the time and place aforesaid, the Defendant, through its agents, servants and/or employees, while acting within the scope and course of such agency or employment, were negligent in one or more of the following ways:

   a. Failing to maintain the premises in a reasonably safe condition.

   b. Failing to correct a dangerous condition of an improperly arranged and/or displayed picture frame that fell off a shelf that it knew or reasonably should have known existed.

   c. Failing to warn plaintiff about a dangerous condition of an improperly arranged and/or displayed picture frame on a shelf that the defendant reasonably did or reasonably should have had superior knowledge about and that plaintiff did not know existed.

   d. Failing to correct a dangerous condition of an improperly arranged and/or displayed picture frame on a shelf that occurred with regularity and that was therefore foreseeable.

   e. Creating the condition by its business activities and the activities of its agents, employees, vendors, suppliers and/or authorized representatives.

   f. In constructing, repairing, replacing or maintaining its premises in violation of applicable building codes, statutes and ordinances.

   g. The condition occurred with regularity and was therefore foreseeable.

   h. The Defendant, MICHAELS STORES, INC, failed to exercise reasonable care under all of the relevant surrounding circumstances.

12. The Defendant, MICHAELS STORES, INC, had actual or constructive knowledge of the dangerous condition and failed to take action to remedy it.

3

STORES, INC, the Plaintiff, GERARD GONSALVES, was injured, and has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money and aggravation of a pre-existing condition. The losses are either permanent or continuing in nature, and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, GERARD GONSALVES, demands judgment for damages against the Defendant, MICHAELS STORES, INC, a Foreign Profit Corporation d/b/a MICHAELS, plus costs and post judgment interest and further demands trial by jury.

## COUNT II – NEGLIGENCE AGAINST DEFENDANT, MICHAELS SOTRE INC. (NEGLIGENT TRAINING)

14. The Plaintiff, GERARD GONSALVES, hereby realleges and reavers each and every General Allegation contained in paragraphs 1-9, above, as though fully set forth herein.

15. At the time and place aforesaid, the Defendant, through its agents, servants and/or employees, while acting within the scope and course of such agency or employment, were negligent in one or more of the following ways:

   a. Failing to train its employees in the proper methods of inspecting, storing, shelving and/or warning about a dangerous condition that the defendant knew or should have known existed or that occurred with regularity and that was therefore foreseeable.

   b. Failing to properly secure picture frames on the shelving throughout the store in a proper and safe manner.

   c. The Defendant, MICHAELS STORES, INC, failed to exercise reasonable care under all of the relevant surrounding circumstances.

4

16. As a direct and proximate result of the negligence of Defendant, MICHAELS STORES, INC, the Plaintiff, GERARD GONSALVES, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment and aggravation of a pre-existing condition. The losses are either permanent or continuing in nature and Plaintiff, GERARD GONSALVES, will suffer the losses and impairment in the future.

**WHEREFORE**, Plaintiff, GERARD GONSALVES, demands judgment for damages against the Defendant, MICHAELS STORES, INC., a Foreign Profit Corporation d/b/a MICHAELS plus costs and post judgment interest and further demands trial by jury.

### COUNT III – NEGLIGENCE AGAINST DEFENDANT, MICHAELS STORES, INC (NEGLIGENT MODE OF OPERATION)

17. The Plaintiff, GERARD GONSALVES, hereby realleges and reavers each and every General Allegation contained in paragraphs 1-9, above, as though fully set forth herein.

18. At the time and place aforesaid, the Defendant, through its agents, servants and/or employees, while acting within the scope and course of such agency or employment, were negligent in one or more of the following ways:

   a. By engaging in a negligent or unreasonable mode of business operation.

   b. The Defendant, MICHAELS STORES, INC, failed to exercise reasonable care under all of the relevant surrounding circumstances.

19. As a direct and proximate result of the negligence of Defendant, MICHAELS STORES, INC, the Plaintiff, GERARD GONSALVES, was injured, and has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings,

and loss of ability to earn money and aggravation of a pre-existing condition. The losses are either permanent or continuing in nature, and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff, GERARD GONSALVES, demands judgment for damages against the Defendant, MICHAELS STORES, INC. a Foreign Profit Corporation d/b/a MICHAELS, plus costs and post judgment interest and further demands trial by jury.

## COUNT IV – NEGLIGENCE AGAINST DEFENDANT, SAMANTHA CABRERA

20. The Plaintiff, GERARD GONSALVES, hereby re-alleges and re-avers all the General Allegations contained in paragraphs 1 - 9 above, as though fully set forth herein.

21. At the time and place aforesaid, the Defendant, through his agents, servants and/or employees, while acting within the scope and course of such agency or employment, were negligent in one or more of the following ways:

   a. Failing to maintain the premises in a reasonably safe condition.

   b. Failing to correct a dangerous condition of an improperly arranged and/or displayed picture frame that fell off a shelf that it knew or reasonably should have known existed.

   c. Failing to warn plaintiff about a dangerous condition of an improperly arranged and/or displayed picture frame that fell off a shelf that the defendant reasonably did or reasonably should have had superior knowledge about and that plaintiff did not know existed.

   d. Failing to correct a dangerous condition of an improperly arranged and/or displayed picture frame that fell off a shelf that occurred with regularity and that was therefore foreseeable.

   e. Creating the condition by its business activities and the activities of its agents, employees, vendors, suppliers and/or authorized representatives.

f. In constructing, repairing, replacing or maintaining its premises in violation of applicable building codes, statutes and ordinances.

g. The condition occurred with regularity and was therefore foreseeable.

h. The Defendant, MICHAELS STORES, INC, failed to exercise reasonable care under all of the relevant surrounding circumstances.

22. The Defendant, SAMANTHA CABRERA, had actual or constructive knowledge of the dangerous condition and failed to take action to remedy it.

23. The Defendant, SAMANTHA CABRERA, acting within the course and scope of her employment, had a non-delegable duty to the general public to properly maintain said premises in a reasonably safe condition for the general public while they were on the premises, especially in view of the fact that such condition was known or should have been known to the Defendant.

24. As a direct and proximate result of the negligence of Defendant, SAMANTHA CABRERA, the Plaintiff, GERARD GONSALVES, was injured, and has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money and aggravation of a pre-existing condition. The losses are either permanent or continuing in nature, and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff, GERARD GONSALVES, demands judgment for damages against the Defendant, SAMANTHA CABRERA, plus costs and post judgment interest and further demands trial by jury.

## COUNTY V - CONSORTIUM CLAIM OF PLAINTIFF, NAOMI GONSALVEZ, AGAINST ALL DEFENDANTS

25. The Plaintiff, NAOMI GONSALVES, hereby re-alleges and re-avers all the General Allegations contained in paragraphs 1 - 8 above, as though fully set forth herein.

26. That at all times material to the cause herein, the Plaintiffs, NAOMI GONSALVES and GERARD GONSALVES, were living together as husband and wife.

27. As a direct and proximate result of the afore said negligence of Defendants, MICHAELS STORES, INC. and SAMANTHA CABRERA, the Plaintiff, NAOMI GONSALVES, has suffered in the past and will continue to suffer for an indefinite time in the future the deprivation of the consortium services of her husband, GERARD GONSALVES, who prior to the incident herein, had been in good health and fully capable of performing any of her household and family relationship duties, but now cannot or is limited in doing so.

**WHEREFORE**, Plaintiff, NAOMI GONSALVES, demands judgment for damages plus costs and interest against the Defendants, MICHAELS STORES, INC, a Foreign Profit Corporation d/b/a MICHAELS and SAMANTHA CABRERA, individually, and further demands trial by jury.

DATED: June 25th, 2021.

LAW OFFICES OF CRAIG GOLDENFARB
*Attorneys for Plaintiffs*
1800 South Australian Avenue, Suite 400
West Palm Beach, FL 33409
(561) 697-4440 / Fax: (561) 687-1950


By: */s/ Rafael J. Roca*
RAFAEL J. ROCA
FL Bar No.: 744050
Primary Email: gonzalezalberto6774409@projects.filevine.com
Secondary Email: Rroca@800goldlaw.com
Paralegal's Email: Cgordon@800goldlaw.com
Secretary's Email: Hrodriguez@800goldlaw.com

8